UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEREMIAH BOLYARD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-CV-3146 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| VILLAGE OF SHERMAN, | ) | |
| Sherman Police Officers | ) | |
| CHRIS FULSCHER, # 751, | ) | |
| JOHN TURASKY, #755, and | ) | |
| NICK BYERLINE, #756, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Elkhart, Illinois.

5. Defendant-Officers CHRIS FULSCHER ("Defendant FULSCHER"), JOHN TURASKY ("Defendant TURASKY") and NICK BYERLINE ("Defendant BYERLINE") are duly appointed and sworn Village of Sherman police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant VILLAGE OF SHERMAN is a municipal corporation, duly

incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant-Officers.

## Introduction

8. Plaintiff and his ex-wife have experienced a contentious divorce and custody battle.

9. Plaintiff and his ex-wife agreed to conduct custody exchanges of their minor daughter at the Sherman Police Department.

10. On custody exchange days, Plaintiff's practice was to park across from the police department near the post office while his ex-wife would park on the opposite side of the police department.

11. Plaintiff's daughter would exit Plaintiff's vehicle and would normally be walked by a police officer from one side of the police department to the other where here mother would be waiting.

12. Defendant FULSCHER would normally be present during the custody exchanges.

13. Defendant FULSCHER would often make snide remarks to Plaintiff during the exchanges.

14. On more than one occasion during or about April, 2018, Defendant FULSCHER's vehicle was parked at Plaintiff's ex-wife's house.

## Facts

15. On March 27, 2018, during a custody drop-off at the Sherman Police Department, Defendant FULSCHER approached Plaintiff's vehicle.

16. Defendant FULSCHER ordered Plaintiff to step out of his vehicle and told Plaintiff he was in violation of the visitation order.

17. Defendant FULSCHER accused Plaintiff of bringing a firearm to the drop-off.

18. Plaintiff told Defendant Fulscher that he did not have a firearm with him.

19. Plaintiff removed his daughter from the vehicle and allowed her to go with a police officer to complete the custody exchange.

20. After Plaintiff's daughter left with the officer, Defendant FULSCHER ordered Plaintiff to turn around and face his vehicle.

21. Another officer stepped closer to Plaintiff.

22. Plaintiff was seized and not free to leave.

23. Plaintiff complied with the order and turned and faced his vehicle.

24. Plaintiff was searched. No contraband or evidence of criminal activity was found.

25. There was no probable cause or any other legal justification to search Plaintiff.

26. Defendant FULSCHER then searched Plaintiff's vehicle. No contraband or evidence of criminal activity was found.

27. After the searches were completed, Plaintiff tried to leave but Defendant FULSCHER stopped him.

28. Defendant FULSCHER eventually allowed Plaintiff to leave, telling him that if he squealed his tires, he would be arrested.

29. On March 29, 2018, Plaintiff sent an email to the Mayor of Sherman regarding the harassment he had experienced at the Sherman Police Department during the custody exchanges.

30. On March 30, 2018, Defendant FULSCHER and other Sherman police officers attempted to intimidate Plaintiff during a custody exchange. Defendant FULSCHER again told Plaintiff he was going to arrest him if he squealed his tires.

31. In April 2018, Plaintiff was made aware that Defendant FULSCHER had been at Plaintiff's ex-wife's house on more than one occasion.

32. On May 11, 2018, Plaintiff arrived at the post office next to the Sherman Police Department for the custody exchange.

33. There were no Sherman police officers present for the custody exchange.

34. Plaintiff noticed a number of Ameren work trucks driving around and a downed power line nearby.

35. Plaintiff emailed his attorney that there were no police officers present and asked for advice.

36. The attorney told Plaintiff to make sure that his daughter got to his ex-wife, but to not approach or speak with his ex-wife.

37. Plaintiff and his daughter crossed the parking lot lined with the Ameren trucks to

get to the police department.

38. Plaintiff's ex-wife was on the opposite side of the Sherman Police Department. The police department building obstructed the view between Plaintiff and his ex-wife.

39. A sidewalk running east to west borders one side of the Sherman Police Department.

40. When Plaintiff crossed the west parking lot to go to the beginning of the sidewalk, he was confronted by Defendant TURASKY.

41. Defendant TURASKY was not dressed in his police uniform and was wearing cargo shorts. He did not identify himself as a police officer.

42. Plaintiff told Defendant TURASKY that he was walking his daughter across the parking lot to the start of the sidewalk.

43. Defendant TURASKY told Plaintiff to stop.

44. Plaintiff complied.

45. Defendant TURASKY did not tell Plaintiff to return to his truck.

46. Plaintiff knelt down and told his daughter he loved her and to be good for her mom.

47. Plaintiff's daughter gave Plaintiff a hug then ran up the sidewalk to the other side of the police department building where Plaintiff's ex-wife was.

48. Plaintiff remained kneeling until he saw his daughter reach the other side and look back at him.

49. As soon as Plaintiff's daughter started to run on the sidewalk, Defendant TURASKY began to follow her.

50. At some point while Plaintiff was kneeling down and talking with his daughter, Defendant BYERLINE arrived in the area.

51. Neither Defendant TURASKY or BYERLINE said anything to Plaintiff after he kneeled down with his daughter.

52. After his daughter turned and looked at Plaintiff, Plaintiff got up and started walking back across the street to his vehicle.

53. When Plaintiff had almost returned to his vehicle, Defendant FULSCHER emerged from the Sherman Police Department and began to yell at Plaintiff.

54. Defendant FULSCHER told Plaintiff that he "had [Plaintiff] now."

55. Plaintiff got back into his truck and left.

56. On May 14, 2018, Defendant TURASKY signed a criminal complaint against Plaintiff for resisting a peace officer.

57. Defendant TURASKY subscribed and swore under oath that Plaintiff exited his vehicle against command, got in Defendant TURASKY's face, and refused commands to return to his vehicle.

58. Defendant FULSCHER ordered Defendant TURASKY to obtain an arrest warrant for Plaintiff.

59. On May 15, 2018, at the next scheduled custody exchange, Plaintiff was arrested in front of his daughter at the Sherman Police Department.

60. Plaintiff was charged with resisting a peace officer. The case was docketed in the Seventh Judicial Circuit, Sangamon County as: People v. Jeremiah E. Bolyard, 18 CM 467.

61. On April 17, 2019, after Defendants TURASKY, FULSCHER and BYERLINE all testified at trial, Plaintiff was acquitted.

62. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

63. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress and pecuniary damages including medical expenses, attorneys' fees, and monies posted for bond.

## COUNT I
### (42 U.S.C. §1983 – Unreasonable Seizure)

64. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

65. After Defendant FULSCHER stopped Plaintiff during the March 27, 2018, custody exchange, Plaintiff was not free to leave.

66. Defendant FULSCHER seized Plaintiff.

67. Defendant FULSCHER did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was involved in criminal activity at the time.

68. Defendant FULSCHER did not have any other legal justification to seize Plaintiff.

5

69. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant FULSCHER,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. §1983 – Unreasonable Search of Person)

70. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

71. Searching Plaintiff without probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant FULSCHER,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. §1983 – Unreasonable Search of Vehicle)

72. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

73. Searching Plaintiff's vehicle without probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant FULSCHER,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Fourth Amendment Violations)

74. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

75. Defendants TURASKY and FULSCHER had Plaintiff arrested.

76. Defendants TURASKY and FULSCHER did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

77. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants TURASKY and FULSCHER,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. §1983 – Civil Conspiracy)

78. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

79. Defendants TURASKY, FULSCHER and BYERLINE acted in concert pursuant to an agreement to deprive Plaintiff of his constitutional rights.

80. Defendants TURASKY, FULSCHER and BYERLINE knowingly and intentionally schemed and worked together in a common plan to have Plaintiff falsely arrested.

81. Defendants TURASKY, FULSCHER and BYERLINE then conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

82. Defendants TURASKY, FULSCHER and BYERLINE made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up his own misconduct.

83. As described above, Plaintiff suffered harm and injury as a result of Defendants' conspiracy to deprive him of his constitutional rights.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants TURASKY, FULSCHER and BYERLINE ,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT VI
### (State Law Claim for Malicious Prosecution)

84. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

85. Defendants TURASKY, FULSCHER and BYERLINE instituted charges against Plaintiff for resisting a peace office.

86. There was not probable cause for such charges.

87. The charges were brought out of malice because of Defendant FULSCHER's relationship with Plaintiff's ex-wife.

88. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT VII
### (State Law *Respondeat Superior* Claim)

89. The acts of the Defendant-Officers described in the above state-law claim for malicious prosecution were willful and wanton, and committed in the scope of employment.

90. Pursuant to *respondeat superior*, Defendant VILLAGE OF SHERMAN is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant VILLAGE OF SHERMAN, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

91. The acts of the Defendants TURASKY, FULSCHER and BYERLINE described in the above claims were willful and wanton, and committed in the scope of employment.

92. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF SHERMAN is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VILLAGE OF SHERMAN to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
311 W. Stratford Drive
Peoria, IL 61614
t. 309.713.3751
f. 312.585.7803