# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEREMIAH BOLYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-3146 |
| | ) | |
| CHRIS FULSCHER, | ) | |
| JOHN TURASKY, | ) | |
| NICK BYERLINE, | ) | |
| and THE VILLAGE OF SHERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 11) filed by Defendants Chris Fulscher, John Turasky, Nick Byerline, and Village of Sherman. Because the challenged counts of the Complaint state claims for relief, Defendants' Motion to Dismiss is DENIED.

### I. BACKGROUND

On June 4, 2019, Plaintiff Jeremiah Bolyard filed an eight-count Complaint against the Village of Sherman and Village of

Sherman police officers Chris Fulscher, John Turasky, and Nick Byerline.  Plaintiff's Complaint (d/e 1) alleges five federal claims pursuant to 42 U.S.C. § 1983, and one state law claim for malicious prosecution, against Defendants Fulscher, Turasky, and Byerline in their individual capacities (Counts I through VI). Count VII alleges that Defendant Village of Sherman is liable for the three individual Defendants' malicious prosecution of the Plaintiff under the doctrine of *respondeat superior*, insofar as said prosecution constituted a tort under Illinois state law. Count VIII alleges that Defendant Village of Sherman must indemnify the three individual defendants for any compensatory damages pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9–102.  Plaintiff's claims all stem from a series of encounters between Plaintiff and members of the Village of Sherman Police Department taking place between March 27, 2018 and May 11, 2018.

On September 4, 2019, Defendants jointly filed a motion to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 11).

## II. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges facts from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. FACTS ALLEGED IN THE COMPLAINT

In evaluating the defendants' motion to dismiss, the Court accepts the factual allegations of Plaintiff's complaint as true and makes every reasonably available inference in favor of Plaintiff. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The facts set forth below are therefore assumed to be true.

As of March 27, 2018, Plaintiff Jeremiah Bolyard was or had been engaged in a "contentious divorce and custody battle" with his ex-wife. Complaint (d/e 1), at ¶ 8. Sometime before March 27, 2020, Plaintiff and his wife agreed that they would exchange custody of Plaintiff's minor daughter at the Sherman police station by parking on opposite sides of the station and having a police officer walk their daughter from one car to the other. See id. at ¶¶ 9–11. On more than one occasion before March 27, 2018, Defendant Fulscher expressed hostility to Plaintiff during these custody exchanges by directing "snide remarks" towards him. Id. at ¶ 13.

On March 27, 2018, during a custody exchange in front of the Sherman police station, Defendant Fulscher accused Plaintiff of having a firearm either on his person or in his car. Id. at ¶¶ 17–

18.  Defendant Fulscher ordered Plaintiff to stand facing his vehicle, patted him down, and searched his vehicle, finding no evidence of any criminal activity on Plaintiff's person or in Plaintiff's vehicle.  Id. at ¶¶ 15–18.  After the search of his person and vehicle, Plaintiff attempted to leave, but he was prevented from leaving by Defendant Fulscher.  Id. at ¶ 27.

Another encounter took place between Defendants Byerline, Turasky, and Fulscher and Plaintiff Bolyard at a custody exchange on May 11, 2018.  See id. at ¶¶ 32–55.  During this encounter, Plaintiff followed the instructions given by the individual Defendants and did not contradict or act belligerently towards them.  On May 14, 2018, Defendant Fulscher asked Defendant Turasky to obtain a warrant for Plaintiff's arrest, despite the fact that neither officer had any reason to believe that Plaintiff had violated any law during the May 11 encounter.  See id. at ¶ 58.  On the same day, Defendant Turasky signed a criminal complaint against Plaintiff for resisting a police officer, falsely alleging that Plaintiff had disobeyed Defendant Turasky's orders and behaved confrontationally at the May 11 custody exchange.  See id. at ¶ 56.

Defendant was arrested and tried in state court for resisting a police officer, and was acquitted. See id. at ¶¶ 60–61.

## IV. ANALYSIS

**A.  The Court Will Not Review Video of the March 20 and March 27 Custody Exchanges Before Evaluating Defendants' Motion to Dismiss.**

Defendants seek to introduce video evidence that, they assert, "irrefutably" proves the reasonableness of searches conducted by one or more of the Defendants on March 20 and 27 by showing that Defendant verbally consents to be searched. Motion (d/e 11), at 2. Generally, a court deciding a motion to dismiss pursuant to Rule 12(b)(6) may not consider any extrinsic evidence that is not attached to the complaint—but an exception exists for evidence that is "critical to the [plaintiff's] complaint and . . . referred to in it." Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The videos that Defendants seek to introduce are not referred to in Plaintiff's complaint, although one video may contain footage of an incident (the March 27 custody exchange) that is central to Plaintiff's § 1983 claims.

In 2013, the Northern District of Illinois in Hyung Seok Koh v. Graf considered a video recording not mentioned in Plaintiff's

complaint of a police interrogation to determine, for purposes of deciding a motion to dismiss, whether the videotape clearly contradicted certain factual assertions central to the statement of Plaintiff's claim. See No. 11-CV-02605, 2013 WL 5348326, at *9 (N.D. Ill. Sept. 24, 2013). To the extent that such consideration is ever permissible at the 12(b)(6) stage,[1] a court may review the video evidence only to discern whether it "clearly contradicts" one or more factual claims from the complaint that are relevant to the issue of whether the nonmoving party has adequately stated a claim. See Jackson v. Curry, 888 F.3d 259, 264 (7th Cir. 2018) (distinguishing Scott v. Harris, 550 U.S. 372 (2007), on the basis that the video in that case had "definitively contradicted the essence and essential details of respondent's account"). Where a video provides evidence—even highly relevant evidence—that does not "clearly contradict" a central factual claim of the complaint in a

---

[1] The Supreme Court precedent on which the court in Koh relies dealt with summary judgment under Rule 56 rather than dismissal under 12(b)(6). See Scott v. Harris, 550 U.S. 372 (2007); see also Sanchez v. Vill. of Wheeling, 447 F. Supp. 3d 693, 703 (N.D. Ill. 2020) ("[I]t is doubtful that video evidence outside the pleadings can be deployed to dismiss a claim under Rule 12(b)(6) where, as here, the complaint alleges facts sufficient to support the claim.").

way that will be "readily ascertainable," a court will not review it for purposes of deciding a 12(b)(6) motion.  See Jackson v. City of Peoria, No. 416CV01054SLDJEH, 2017 WL 1224526, at *5 n.4 (C.D. Ill. Mar. 31, 2017) (declining to consider video of police interview to draw inferences about whether the interviewee was intoxicated).

Here, Plaintiff's Complaint does not allege that Plaintiff refused to verbally consent to a search, but rather that "[t]here was no probable cause or any other legal justification to search Plaintiff."  Complaint (d/e 1), at ¶ 25.  While a video recording of Plaintiff consenting to a search would likely be highly relevant to the disposition of his unreasonable search and seizure claims at the summary judgment stage, such a video would not "clearly contradict" any allegation in the complaint.  Nor is Plaintiff's consent to a search enough, standing alone, to establish as a matter of law that Defendant Fulscher's search was "reasonable."  The question of whether an unreasonable search occurred in a given instance where the searched party verbally consented to the search depends on whether "the consent was freely and voluntarily given"—and this question is a quintessentially fact-dependent one,

requiring a nuanced and holistic "totality of the circumstances" evaluation. Huff v. Reichert, 744 F.3d 999, 1008 (7th Cir. 2014). At this procedural juncture, therefore, the Court declines to consider any extrinsic evidence that is not attached to or referenced in the Complaint.

**B.     Count I States an Unreasonable Seizure Claim**

For a § 1983 claim against a given defendant to survive a motion to dismiss, the plaintiff must plausibly allege that the identified defendant was personally responsible for the claimed deprivation of an established constitutional right. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).

Here, Plaintiff alleges that Defendant Fulscher seized him without probable cause to believe that he had committed a crime on March 27, 2018. Complaint (d/e 1), at ¶¶ 15–25. Plaintiff's allegation that "[t]here was no probable cause or any other legal justification to search Plaintiff" is a conclusory legal claim, which the Court is not obliged to assume the truth of even in the context of a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Still, Plaintiff also alleges some specific facts (he was ordered to stand with his face to his vehicle, he was physically

patted down, he attempted to leave but was stopped) that, when viewed in the light most favorable to Plaintiff, adequately state a claim for unreasonable seizure in violation of his Fourth Amendment rights.  See Martin v. Marinez, 934 F.3d 594, 603 (7th Cir. 2019) (holding that plaintiff could recover damages for the injury to his privacy from unlawful seizure where police officer stopped his car without probable cause and seized him for a "brief" period).

C.     **Count II and III State Unreasonable Search Claims**

Plaintiff also alleges sufficient facts to state claims against Defendant Fulscher for unreasonable searches of Plaintiff's person and vehicle. Unreasonable searches—including unreasonable "pat-down" searches and unreasonable vehicular searches—deprive the searched person of an established right to privacy.  See United States v. Barnett, 505 F.3d 637, 639 (7th Cir. 2007) (holding that a pat-down search is a cognizable Fourth Amendment violation when "no reasonably prudent man would be warranted in the belief that his safety or the safety of others was in danger"); Huff v. Reichert, 744 F.3d 999, 1010 (7th Cir. 2014) (holding that a vehicle search is unreasonable and gives rise to cognizable Fourth Amendment

injury when no reasonable articulable suspicion of criminal behavior exists).

Here, reasonable inferences that can be drawn from the facts alleged in the Complaint include the inference that Defendant Fulscher patted down Plaintiff without having any reason to believe that Plaintiff was a threat to anyone's safety, and searched Plaintiff's vehicle unreasonably without any reason to suspect that Plaintiff had any contraband inside.  See Complaint (d/e 1), at ¶¶ 24–28.  Thus, Counts II and III state cognizable claims for violations of Plaintiff's Fourth Amendment right to be free from unreasonable searches.

**D.    Count IV States a Claim for False Arrest**

Count IV of Plaintiff's complaint alleges that Defendants Fulscher and Turasky committed a "Fourth Amendment violation" when they caused the arrest of Plaintiff on May 15, 2018.  Taking all of the factual allegations in the Complaint as true, and making all reasonable inferences in Plaintiff's favor, the Complaint alleges that Defendants Fulscher and Turasky each acted in a way that they "knew or reasonably should have known" would "cause others to deprive plaintiff of constitutional rights." Marshall v. Fries, No.

19 C 55, 2019 WL 4062549, at *3 (N.D. Ill. Aug. 28, 2019) (holding that § 1983 claim for false arrest was adequately alleged against defendant who allegedly caused arrest of plaintiff where no probable cause existed).  If, as the Complaint alleges, Defendants Fulscher and Turasky caused Plaintiff to be arrested, and if there were no warrant or probable cause for said arrest, Defendants Fulscher and Turasky would be liable for depriving Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

**E.   Count V States a Claim for Civil Conspiracy**

In Count IV, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants Turasky, Fulscher, and Byerline, acting in concert, reached an agreement to deprive Plaintiff of his constitutional rights as described in the Complaint. Complaint (d/e 1), at ¶¶ 79–83; see id. at ¶¶ 56–62. Plaintiff alleges that the three officers, acting in concert, reached an agreement to deprive Plaintiff of his constitutional rights by arresting and detaining him without probable cause or a warrant. Id. at ¶¶ 80–82; see id. at ¶¶ 32–55, 56–61.  The Defendants argue that, if the substantive claims under Section 1983 fail to state a claim, the conspiracy claims upon which they are based must also be dismissed.  See

Motion (d/e 11), at 11. However, because the Court has found that the substantive counts state a claim, the Court will not dismiss Counts V on this ground.

F. **Supplemental Jurisdiction Over Plaintiff's State Law Claims Exists**

Defendants also argue that Counts VI, VII, and VIII, all of which state claims for relief under state law, should be dismissed for lack of jurisdiction if Plaintiff's § 1983 claims are dismissed for failure to state a claim. Since the Court has not dismissed Plaintiff's § 1983 claims, supplemental jurisdiction over the state law claims exists under 28 U.S.C. § 1367.

### V. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (d/e 11) is DENIED.

**ENTERED: November 23, 2020**

**FOR THE COURT:**

      *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**