## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **JEREMIAH BOLYARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 19-cv-03146** |
| ) | |
| **VILLAGE OF SHERMAN,** ) | |
| **Sherman Police Officers CHRIS** ) | |
| **FULSCHER #751, JOHN TURASKY** ) | |
| **#755, and NICK BYERLINE #756,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>OPINION AND ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is a Motion for Discovery Sanctions (d/e 41) submitted by Defendants Village of Sherman, Chris Fulscher, John Turasky, and Nick Byerline ("Defendants"). Defendants' Motion (d/e 41) is GRANTED in part and DENIED in part.

## I.    INTRODUCTION

In their Motion for Discovery Sanctions (d/e 41), Defendants assert that Plaintiff has failed to preserve two original digital photograph files by no longer possessing the Galaxy phone used to take the photograph files, constituting spoilation of evidence.

Defendants ask that the Court impose sanctions pursuant to Federal Rule of Civil Procedure 37(e) and the Court's inherent power.  Defendants ask the Court to (1) dismiss this case with prejudice; (2) award Defendants their attorney fees and costs; and (3) award other sanctions and curative measures as it finds appropriate.  See Defendants' Motion for Discovery Sanctions ("Defs.' Mot.") (d/e 41) p. 11.  Defendants also suggest that the Court enter an order allowing an independent expert to review the photographs at Plaintiff's expense and to provide an opinion regarding the likelihood of the photographs' fabrication.  See Defs.' Mot. (d/e 41) p. 9.  Alternatively, if the Court does not infer bad faith, the Defendants ask the Court to issue a jury instruction directing the jury to presume that the phone and original digital files would have been unfavorable to Plaintiff's claims. See Defs.' Mot. (d/e 41) p. 10.

## II.    BACKGROUND

On June 4, 2019, Plaintiff filed this lawsuit.  This lawsuit relates to the arrest of Plaintiff and the conduct of Defendants during a custody exchange pursuant to an agreement between Plaintiff and his ex-wife on May 15, 2018.  In Counts I, II, III, and

IV, Plaintiff alleges that Defendants violated his Fourth Amendment rights.  In Count V, Plaintiff alleges that Defendants committed civil conspiracy.  In Counts VI and VII, Plaintiff alleges state law claims for malicious prosecution and *respondeat superior*, respectively. See Compl. (d/e 1).

On March 3, 2021, Plaintiff produced two PDF files of scanned photographs ("Exhibits 1 and 2"), purportedly depicting Defendant Fulscher's police vehicle in front of Plaintiff's ex-wife's home, to Defendants (d/e 20) during written discovery.  See Plaintiff's Response in Opposition to Defendants' Motion for Discovery Sanctions ("Pl.'s Resp.") (d/e 42) p. 1; Ex. 1, 2.  Plaintiff took the two photographs on his Galaxy cell phone on April 24, 2018.  See Defs.' Mot. (d/e 41) p. 5.  On February 1, 2022, during the deposition of Defendant Fulscher, Plaintiff introduced a previously unproduced video and an unproduced photograph ("Exhibit 3"). See Defs.' Mot. (d/e 41) p. 4; Pl.'s Resp. (d/e 42) p. 5.  Based on this previously unproduced photograph, Defendant Fulscher testified that he believed the photographs in Exhibit 1 and 2 had been "digitally altered."  See Defs.' Mot. (d/e 41) p. 4; Ex. 4, p. 16–17; Defs.' Reply (d/e 44) p. 3.  On February 7, 2022, Defendants sent a

discovery request to Plaintiff seeking the unproduced videos, Exhibit 3, and the original digital files of Exhibits 1 and 2. <u>See</u> Defs.' Mot. (d/e 41) p. 4; Pl.'s Resp. (d/e 42) p. 5. On April 6, 2022, Plaintiff's counsel sent an e-mail to Defendants' counsel confirming that the videos and photographs were taken on Plaintiff's Galaxy phone and that Plaintiff was still in possession of the phone. <u>See</u> Defs.' Mot., Ex. 5 (d/e 41). On June 3, 2022, Defendants filed a Motion to Compel (d/e 37), requesting the original digital files of the videos and photographs. On June 17, 2022, Plaintiff's counsel filed a Response to the Motion to Compel (d/e 38), in which he stated that he provided the videos in Plaintiff's possession but that Plaintiff no longer possessed the original digital files of Exhibits 1 and 2 or the Galaxy phone. On September 2, 2022, Defendants filed this Motion for Sanctions (d/e 41).

### III.    LEGAL STANDARD

Defendants seek sanctions pursuant to the Federal Rules of Civil Procedure 37(e) and the Court's inherent power to issue sanctions.

Rule 37(e) provides that, if electronically stored information (ESI) that should have been preserved in anticipation or conduct of

litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, a court may "order measures no greater than necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).  If a court finds that the party acted "with the intent to deprive another party of the information's use in the litigation," the court may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

Additionally, courts have an inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process."  Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); SEC v. First Choice Mgt. Serv., Inc., 678 F.3d 538, 543 (7th Cir. 2012).  "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." Salmeron v. Enter. Recovery Sys., Inc., 579 F.3d 787, 793 (7th Cir. 2009).

## IV.   ANALYSIS

As an initial matter, Defendants ask the Court to use its inherent authority to impose sanctions.  However, the Advisory Committee Notes to the 2015 amendment to Rule 37(e) "forecloses reliance on inherent authority or state law to determine when certain measures should be used."  Fed. R. Civ. P. 37, advisory committee's note to 2015 amendments.  Thus, Defendants' motion is denied to the extent it seeks sanctions deriving from the Court's inherent authority.  See Sonrai Sys., LLC v. Romano, 2021 WL 1418405, at *8 n.13 (N.D. Ill. Jan. 20, 2021) ("Rule 37(e) provides the sole authority for potential sanctions concerning the failure to preserve ESI."), report and recommendation adopted, No. 1:16-cv-03371, 2021 WL 1418403 (N.D. Ill. Mar. 18, 2021); Snider v. Danfoss, LLC, No. 15 CV 4748, 2017 WL 2973464, at *3 n.8 (N.D. Ill. July 12, 2017), report and recommendation adopted, No. 15 C 4748, 2017 WL 3268891 (N.D. Ill. Aug. 1, 2017).

### A. Curative measures are appropriate to cure the prejudice caused by Plaintiff's failure to take reasonable steps to preserve ESI digital files of photographs Exhibits 1 and 2.

Under Rule 37(e), five prerequisites must be met before the Court can consider imposing sanctions: (1) the information at issue must be ESI; (2) there must be anticipated or actual litigation

creating a duty to preserve; (3) the relevant ESI should have been preserved at the time of the litigation was anticipated or ongoing; (4) the ESI must have been lost because a party failed to take reasonable steps to preserve it; and (5) the lost ESI must be unable to be restored or replaced through additional discovery.  <u>See</u> Fed. R. Civ. P. R. 37(e)(1), (2); <u>DR Distribs., LLC v. 21 Century Smoking, Inc.</u>, 513 F. Supp. 3d 839, 958 (N.D. Ill. 2021).  The party seeking sanctions under Rule 37(e) must establish each one of these prerequisites by a preponderance of the evidence.  <u>Sonrai Sys., LLC</u>, No. 16 C 3371, 2021 WL 1418405, at *8.

If the prerequisites have been met, the Court must determine if the party seeking the ESI has suffered prejudice or if the party with possession, custody, or control of the ESI intended to deprive the seeking party of the ESI.  <u>See</u> Fed. R. Civ. P. 37(e)(1), (2).  If intent exists, the court may impose sanctions.  <u>See</u> Fed. R. Civ. P. 37(e)(2); <u>DR Distribs.</u>, 513 F. Supp. 3d at 958–59 (sanctions include "presuming that the information was unfavorable, instructing the jury to presume the information was unfavorable, or entering dismissal or default").  If prejudice, but not intent exists, then the court may impose curative measures, including but not limited to,

an instruction that jurors may consider the circumstances surrounding the loss of the ESI.  <u>See</u> Fed. R. Civ. P. R. 37(e)(1); <u>DR Distribs.</u>, 513 F. Supp. 3d at 958; <u>Hollis v. CEVA Logistics U.S., Inc.</u>, No. 19-cv-50135, 2022 WL 1591731, at *2 (N.D. Ill. May 19, 2022).

In the instant matter, the Court finds that the two digital photograph files in question are ESI and that there existed actual litigation when Plaintiff filed this lawsuit on June 4, 2019.

### 1. Plaintiff had a duty to preserve Exhibits 1 and 2 because he anticipated litigation when he filed this lawsuit.

Next, once a party reasonably anticipates litigation, it is "duty-bound to take good faith steps to preserve documents and data that may be relevant to the litigation." <u>DR Distribs.</u>, 513 F. Supp. 3d at 929; <u>see</u> Fed. R. Civ. Pro. 37(e).  "Though a party need not preserve all documents in its possession—again, perfection is not the standard—it must preserve what it knows and reasonably ought to know is relevant to possible litigation and is in its possession, custody, or control." <u>DR Distribs.</u>, 513 F. Supp. 3d at 929.

Plaintiff submitted the PDF versions of the two photographs to purportedly demonstrate Defendant Fulscher's connection to

Plaintiff's ex-wife. These photographs allegedly illustrate Defendant Fulscher's bias against Plaintiff, which is relevant to this litigation as Plaintiff claims that this bias contributed to his May 15, 2018 arrest that is the basis for this lawsuit. Plaintiff asserts that Defendants were in possession of Exhibits 1 and 2 since March 3, 2021 and had "plenty of time to prove up this unsupported claim and make proper expert disclosures." Pl.'s Resp. (d/e 42) p. 5. Defendants disagree with Plaintiff's assertion, claiming that the original digital files of Exhibits 1 and 2 were not necessary until Plaintiff introduced Exhibit 3 at Defendant Fulscher's deposition. See Defs.' Reply (d/e 44) p. 3. Even if Defendants did not inquire about digital copies of all videos and photographs until February 7, 2022, the Plaintiff had a duty to preserve this digital information in anticipation of litigation even before it was sought by the Defendants. See Does 1-5 v. City of Chicago, No. 18-cv-3054, 2019 WL 2994532, at *2 (N.D. Ill. July 9, 2019) ("The duty to preserve does not necessarily start when a formal discovery request is made because a variety of events may alert a party to the prospect of litigation."); see also Gruenstein v. Browning, No. 1:17-cv-2328, 2022 WL 3213261, at *6 (N.D. Ill. June 21, 2022) ( "a duty to

preserve evidence can arise before litigation starts").  Indeed, Plaintiff asserts that he took the photographs in April 2018, prior to his May 15, 2018 arrest.  See Pl.'s Resp. (d/e 42) p. 4.  The photographs were also reportedly used in the criminal trial in which Plaintiff was acquitted of the underlying resisting arrest charge on April 17, 2019.  See id.  Plaintiff should have anticipated litigation at latest, on June 4, 2019, when he filed this lawsuit, and certainly by March 3, 2021, when he submitted the PDF files of the two photographs during written discovery.

> **2. Plaintiff failed to take reasonable steps to preserve Exhibits 1 and 2 because he disposed of the phone storing the information.**

Next, the Court considers whether the digital copies of the photographs were lost because Plaintiff failed to take reasonable steps to preserve it.  To preserve the digital photograph files, Plaintiff simply needed to maintain possession of his phone or back-up the digital files on a cloud server or another hard drive.  Instead, Plaintiff has admitted to the spoilation of the digital photographs, alleging that he traded in his Galaxy phone, which hosted the photos, around December 2021, losing the original digital files.  See Pl.'s Resp. (d/e 42) p. 6.  Plaintiff did not consult with his counsel

concerning his intent to trade in his phone, as Plaintiff's counsel admits he was mistaken in his April 2022 response and was not made aware of the trade-in until June 2022.  See id.  Therefore, Plaintiff not only failed to preserve this information, but he affirmatively caused its spoliation.

### 3. The lost digital files of Exhibits 1 and 2 cannot be recovered by any other means.

Next, the Court must consider whether the lost ESI can be restored or replaced from any other source.  Because ESI "often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere." Fed. R. Civ. P. 37, advisory committee's note to 2015 amendments. According to Plaintiff, there is no way to recover this information for purposes of the instant civil suit.  See Pl.'s Resp. (d/e 42), Ex. 2. Plaintiff's counsel confirmed in his response to Defendants' motion to compel (d/e 38) that "after conducting a good faith search, [the Plaintiff] has not found any duplicate files of these digital photographs."  Thus, the Court finds that the lost ESI cannot be restored or replaced through additional discovery.

### 4. Plaintiff's loss of the digital information of Exhibits 1 and 2 are a result of his negligence, not intent to deprive.

Since the prerequisites to imposing sanctions are met, the Court then turns its attention to the issue of intent to deprive. To impose the most severe sanctions under Rule 37(e)(2), a finding of bad faith is required. <u>Schmalz v. Village of North Riverside</u>, No. 13 C 8012, 2018 WL 1704109, at *5 (N.D. Ill. March 23, 2018). "A document is destroyed in bad faith if it was done for the purpose of hiding adverse information." <u>Faas v. Sears, Roebuck & Co.</u>, 532 F.3d 633, 644 (7th Cir. 2008) (citations omitted). "Negligent or even grossly negligent behavior does not logically support [the] inference" "that the evidence was unfavorable to the party responsible for loss or destruction of the evidence." Fed. R. Civ. P. 37(e), advisory committee's note to 2015 amendments. Evidence used to establish intent is almost always circumstantial. <u>See Hollis</u>, No. 19-cv-50135, 2022 WL 1591731, at *7.

Here, a reasonable person could find that Plaintiff's decision to trade-in his Galaxy phone was negligent behavior and that his failure to preserve the digital information of the two photographs was an oversight. Plaintiff describes his choice to trade-in his

Galaxy phone as an "unremarkable choice" and that the loss of the original digital images is a "common practice among cell phone users in this country." See Pl.'s Resp. (d/e 42) p. 6.  Moreover, Defendants assert that Plaintiff selectively preserved some digital files and not others.  See Defs.' Reply (d/e 44) p. 2, Ex. 1; Pl. Resp. (d/e 42) Ex. 2.  While the preservation of a select group of photos and videos but not others may suggest that Plaintiff made the conscious decision to preserve some digital information and not others, see Rosario v. City of New York, No. 18 Civ. 4023 (LGS), 2022 WL 2965953 (S.D.N.Y. July 27, 2022), at *3 (finding no intent to deprive because defendant did not selectively delete text messages), selective preservation alone is not indicative of an intent to deprive.  See Bistrian v. Levi, 448 F. Supp. 3d 454, 476–77 (E.D. Pa. 2020) ("But the mere fact that some information was preserved and some was not does not necessarily amount to suspicious elective preservation."); Laub v. Horbaczevski, No. CV 17-6210-JAK (KS), 2020 WL 9066078, at *6 (C.D. Cal. July 22, 2020) (in determining intent, courts consider "the timing of the destruction, the method of deletion (e.g., automatic deletion vs. affirmative steps of erasure), selective preservation, the reason some evidence was

preserved, and, where relevant, the existence of institutional policies on preservation.").

Defendants assert that Exhibits 1 and 2 are digitally altered because of Defendant Fulscher's deposition testimony, the manner in which the photographs were taken, the "obvious artifacts and errors" present, and Plaintiff's prior history of "digitally altering documents." Defs.' Mot. (d/e 41) p. 7–8. Plaintiff takes issue with Defendants' reliance on Defendant Fulscher's deposition testimony, who was "never disclosed as an expert witness on photograph alteration under the federal rules." Pl.'s Resp. (d/e 42) p. 5.

Even if the Court were to lend credence to Defendant Fulscher's deposition testimony, the Court does not find an intent to deprive here. While the Defendants articulate reasons contemplating Plaintiff's *motivation* for purportedly intentionally deleting the digital files, they do not point to any subsequent, affirmative *actions* after Plaintiff's failure to preserve to demonstrate intent to lose the ESI. See Schmalz, No. 13 C 8012, 2018 WL 1704109, at *5 ("Plaintiff points to no such additional factors to support a finding of intent, like 'double deletion,' instructing others to destroy ESI, or undertaking 'extraordinary measures' to mislead

opposing counsel."). Plaintiff's failure to take reasonable steps to preserve ESI, on his own, does not support a finding of intent. Schmalz, No. 13 C 8012, 2018 WL 1704109, at *5.

This Court notes that there is a reasonable argument to be made that Plaintiff's failure to preserve the original digital files of the two photographs was due to incompetence, not intent. See Hollis, No. 19-cv-50135, 2022 WL 1591731, at *8 (acknowledging that a jury may not credit an incompetence argument, but a party should not be prevented from making it). Therefore, there is insufficient evidence to make a finding of intent as well as bad faith to impose the strongest sanctions under Rule 37(e).

### 5. Defendants' suffered prejudice from Plaintiff's loss of the digital information.

Rule 37(e)(1) curative measures, however, are available. Rule 37(e) "does not explicitly place the burden of proving or disproving prejudice on either party, and the court is given great discretion in assessing prejudice." Schmalz, No. 13 C 8012, 2018 WL 1704109, at *3. "To suffer substantive prejudice due to spoliation of evidence, the lost evidence must prevent the aggrieved party from using evidence essential to its underlying claim." In re Old Banc One

S'holders Secs. Litig., No. 00 C 2100, 2005 WL 3372783, at *4 (N.D. Ill. Dec. 8, 2005). "To evaluate prejudice, the court must have some evidence regarding the particular nature of the missing ESI." Snider, No. 15 CV 4748, 2017 WL 2973464, at *5. "Since it is often impossible to know the exact nature of the lost and unrecoverable ESI, the moving party 'must only come forward with plausible, concrete suggestions as to what [the destroyed] evidence *might have been.*'" Sonrai Sys., LLC, No. 16 C 3371, 2021 WL 1418405, at *12.

Defendants claim that, without the original digital files, the Defendants are prevented from "conclusively proving [Exhibit 1 and 2's] illegitimacy through comparison to the original unaltered files." See Defs.' Mot., p. 9. Without the original digital files of Exhibits 1 and 2, Defendants must argue their digital alteration claim by comparing Exhibit 3 to scanned photographs in the form of PDF files. While examination of the scanned PDFs may allow some observations about any digital alterations, the examination of the original digital files could have provided additional insights as to the authenticity of Exhibits 1 and 2. Thus, the Court finds that Defendants have been prejudiced by the loss of the original digital information of the photographs.

### 6. Jury instructions and Defendants' recovery of reasonable attorney fees' as they relate to the instant motion are appropriate sanctions.

While Defendants urge dismissal as the appropriate sanction here, dismissal of this matter is not an appropriate remedy.  "In order for a court to dismiss a case as a sanction for discovery-related misconduct, whether dismissal is sought pursuant to Federal Rules of Civil Procedure or in exercise of court's inherent authority, the misconduct supporting dismissal need be established only by a preponderance of the evidence, and not by clear and convincing evidence."  Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 777 (7th Cir. 2016).  "Under Rule 37(e)(1), the Court may impose only those measures that are no greater than necessary to cure the prejudice resulting from the loss of the ESI."  Hollis, No. 19-cv-50135, 2022 WL 1591731, at *7.  Rather than dismissal as a sanction for Plaintiff's conduct, the Court believes jury instructions that the Plaintiff lost both the phone and the original digital files of Exhibits 1 and 2 at a time when he was obligated to preserve them are the appropriate remedy here in response to Plaintiff's negligence.  The Court will instruct the jury that it can consider the evidence of Plaintiff's behavior resulting in the loss of the digital

photo ESI along with all other evidence in making its decision.  See
Fed. R. Civ. P. R. 37(e)(1); Hollis, No. 19-cv-50135, 2022 WL
1591731, at *7 ("A common curative measure is instructing the jury
that it can consider the circumstances surrounding the loss of the
ESI.").  This remedy is proper in response to Plaintiff's loss of ESI
and attempts to alleviate the harm Defendants incurred because of
the loss of the ESI.

Defendants also seek to recover their attorney fees and costs.
Rule 37(e) as well as the Advisory Committee Notes are silent as to
attorneys' fees as a sanction.[1]  The Seventh Circuit has yet to rule
on whether awards of attorneys' fees are curative measures

---

[1] Some courts have found that the grant of reasonable attorney's fees
through their inherent power is not foreclosed by Rule 37(e).  See Burris v.
JPMorgan Chase & Co., 341 F.R.D. 604, 611 (D. Ariz. 2022) (appeal filed)
(construing the displacement effect of Rule 37(e) to apply only when issuing the
four sanctions explicitly authorized by Rule 37(e)(2)); but see Spencer v.
Lunada Bay Boys, No. CV 16-02129-SJO (RAOx), 2018 WL 839862, at *1 (C.D.
Ca. Feb. 12, 2018) ("The Committee Notes expressly contradict [Defendant's]
argument that the Court must look to its inherent authority to impose
monetary sanctions for Rule 37(e) spoilation.").  However, for a court to issue
sanctions pursuant to its inherent authority, bad faith conduct must be found.
See Ramirez, 845 F.3d at 776 ("Any sanctions imposed pursuant to the court's
inherent authority must be premised on a finding that the culpable party
willfully abused the judicial process or otherwise conducted the litigation in
bad faith.").  As analyzed above, Plaintiff's conduct does not amount to bad
faith.  Therefore, even if the Court had the ability to exercise its inherent
authority to grant reasonable attorney fees, the Court would decline to do so
here.

authorized under Rule 37(e)(1).  Other district courts in the Seventh

Circuit have sidestepped the issue. See DR Distribs., 513 F. Supp.

3d at 958 n.54 (contemplating the issue but imposing attorneys'

fees under other rules); Snider, No. 15 CV 4748, 2017 WL 2973464,

at *5.  As explained above, upon finding prejudice to another party

from the loss of ESI, the court may order measures "no greater than

necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).  In

ordering these measures, "[m]uch is entrusted to the court's

discretion."  Fed. R. Civ. P. 37(e), advisory committee's note to 2015

amendment.  Therefore, because the Court grants Defendants'

motion for sanctions in part, the Court exercises its discretion and

finds that Defendants are entitled to the reasonable attorney's fees,

limited to those fees incurred in filing the instant motion for

discovery sanctions.  See Borum v. Brentwood Village, LLC, 332

F.R.D. 38, 50 (D.D.C. 2019) (court exercising its discretion to grant

reasonable attorneys' fees in response to a Rule 37(e) motion);

Spencer, No. CV 16-02129-SJO (RAOx), 2018 WL 839862, at *1

(finding monetary sanctions appropriate under Rule 37(e)(1)).

**B. The Court declines to appoint an independent expert because Defendants have not demonstrated how it would assist the Court or the jury.**

Defendants urge the Court to enter an order allowing an independent expert to review the photographs at Plaintiff's expense and to render an opinion regarding the veracity of the photographs. Although Defendants do not cite to any authority permitting the Court to do so, the district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. Fed. R. Evid. 706(a) ("[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . ."). Rule 706 also provides the court the discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. Id.

 "Court-appointed experts are appropriate to explain technically complex factual issues to the Court and the jury." Murray v. Nationwide Better Health, No. 10-cv-3262, 2011 WL 1827231, at *1 (C.D. Ill. May 12, 2011). "The purpose of a court-appointed expert is to assist the court in evaluating the evidence or deciding a fact in issue." Stevenson v. Windmoeller & Hoelscher Corp., 39 F.4th 466, 469 (7th Cir. 2022). However, "Rule 706 should not be used merely to assist one party in proving his or her

case." <u>Murray</u>, No. 10-cv-3262, 2011 WL 1827231, at *1;

<u>Stevenson</u>, 39 F.4th at 470 ("[I]t is widely understood that the job of

a neutral, court-appointed expert is to serve the interests of the

court rather than those of any party.").

The Court finds that a court-appointed expert is not

appropriate in this case.  Defendants do not explain how a court-

appointed expert could assist the jury in understanding technically

complex factual issues or complicated, conflicting evidence.  Rather,

Defendants assert the need for a court-appointed expert to advance

their interests—specifically to ascertain the photographs "likely

fabrication" such that the Court may enter "appropriate sanctions"

and to potentially use the testimony and report at trial if the case

proceeds.  Defs.' Mot. (d/e 41) p. 9–10.  Moreover, Defendants

themselves state that the evidence of altering the photographs is

"obvious" and that "the Court needs no special training" to

determine the fraudulent nature of the photographs.  Defs.' Mot.

(d/e 41) p. 7–8.  Thus, the Court will not appoint an independent

expert at this time.  However, Defendants are not barred from

seeking to retain an expert of their own.

**C. Defendants' filing of this motion is timely due to an extension of the discovery deadline pursuant to a text order entered on November 30, 2022.**

Lastly, Plaintiff argues that this Motion should be denied because Defendants improperly sought sanctions after the close of discovery.  <u>See</u> Pl.'s Resp. (d/e 42) p. 2.  The prior deadline closed discovery on August 28, 2022.  <u>See</u> Text Order on December 11, 2021.  On August 19, 2022, the parties filed a Joint Motion to Continue Discovery Schedule (d/e 40).  Defendants filed this motion for sanctions (d/e 41) on September 2, 2022.  On September 15, 2022, the Court entered a text order extending the discovery deadline to November 30, 2022.  Plaintiff's assertion that Defendants' motion for sanctions is untimely is therefore incorrect.

## V.   CONCLUSION

For the reasons stated, Defendants' Motion for Discovery Sanctions is GRANTED in part and DENIED in part.  The following sanctions against Plaintiff are appropriate: (1) an instruction advising the jury that Plaintiff failed to preserve evidence relevant to the litigation; and (2) an award of Defendants' reasonable attorney's fees, limited to those incurred in Defendants' filing of the instant motion.

IT IS SO ORDERED.

ENTERED:  November 4, 2022.

FOR THE COURT:

/s/ Sue E. Myerscough

SUE E. MYERSCOUGH

UNITED STATES DISTRICT JUDGE